UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**NEW IMAGE LANDSCAPING, LLC, d/b/a NEW IMAGE LANDSCAPING,**<br>   a Michigan limited liability company, and<br>**JEREMY CIZAUSKAS**, an individual.<br><br>Defendants. | Civil action no.: 18-cv-00429<br><br>legal and equitable relief sought |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants, **NEW IMAGE LANDSCAPING, LLC,** doing business as **NEW IMAGE LANDSCAPING,** a Michigan limited liability company, and **JEREMY CIZAUSKAS,** an individual, (collectively "Defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A)     Defendant, **NEW IMAGE LANDSCAPING, LLC**, doing business as **NEW IMAGE LANDSCAPING**, (hereinafter New Image Landscaping) is and, at all times hereinafter mentioned, was a Michigan limited liability company with an office and a place of business at 116 Old M-21, Jenison, Michigan, 49428 in Ottawa County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in operating a landscaping business and in the performance of related types of activities.

(B)     Defendant, **JEREMY CIZAUSKAS**, an individual**,** at all times hereinafter mentioned, actively supervised the day-to-day operations and management of **NEW IMAGE LANDSCAPING** in relation to its employees.  At all times hereinafter mentioned, **JEREMY CIZAUSKAS** was engaged in business within Ottawa County at 116 Old M-21, Jenison, Michigan, 49428, within the jurisdiction of this court.  **JEREMY CIZAUSKAS** acted directly or indirectly in the interest of **NEW IMAGE LANDSCAPING** in relation to its employees, exercising operational control over the business, supervising employees, determining and controlling payroll practices, including setting pay, and hiring and firing employees, and is an employer within the meaning of section 3(d) of the Act.

### III

**NEW IMAGE LANDSCAPING,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

### IV

**NEW IMAGE LANDSCAPING** is, and, at all times hereinafter mentioned, constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

### V

Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, for hours worked in excess of forty (40) hours per week, landscaping technicians were paid their regular rate without the overtime premium.  Defendants also

improperly deducted hours worked for missed meal breaks and therefore did not correctly total hours worked for overtime compensation purposes.

## VI

Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately the hours worked each workday and the total hours worked each workweek with respect to landscaping technicians due to the Defendants improperly deducting hours worked for missed meal breaks.

## VII

During the period since April 17, 2016, defendants have repeatedly violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

**1.** pursuant to section 16(c) of the Act, finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

**2.** pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

**C.** For an Order awarding plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

        **KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

P.O. ADDRESS:

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone No.: (312) 353-5747
Fax No.: (312) 353-5698
E-mail: Goldberg.Barbara@dol.gov

Local Counsel:

**ANDREW B. BIRGE**
United States Attorney

**RYAN D. COBB**
Civil Division Chief
United States Attorney's Office
Western District of Michigan
P.O. Box 208
Grand Rapids, MI 49501
Telephone No.: (616) 808-2031
Fax No.: (616) 456-2510
Email: Ryan.Cobb@usdoj.gov

s/ Barbara A. Goldberg_____
**BARBARA A. GOLDBERG**
Senior Trial Attorney

Attorneys for
**R. ALEXANDER ACOSTA**,
Secretary of Labor, United States Department of Labor, Plaintiff